# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS FRANCO-HERNANDEZ,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No.: 10-CR-4857 W<br>      16-CV-1396 W<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. 37]** |

  Pending before the Court is Petitioner Jose Luis Franco-Hernandez's motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner is proceeding pro se. Respondent United States of America has not filed an opposition, despite the lapse of the July 29, 2016 deadline. (*See June 14, 2016 Order* [Doc. 38] 1:22–24.) The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the motion. [Doc. 37].

//

//

//

On April 5, 2011, judgment was entered against Mr. Jose Luis Franco-Hernandez for illegal reentry into the United States in violation of 8 U.S.C. § 1326. (*Judgment* [Doc. 21].) Mr. Franco-Hernandez was sentenced to 37 months in the custody of the Bureau of Prisons, to be followed by three years' supervised release. (*Id.*) Mr. Franco-Hernandez's supervised release was revoked on August 31, 2015, resulting in an additional sentence of 12 months. [Doc. 36.]

On June 2, 2016, Mr. Franco-Hernandez filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 37.] In it, he argues that he "was given a harsh +16 points enhancement increase as [an] Armed Career Criminal[,]" and that his sentence should be vacated pursuant to the Supreme Court's recent ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The Johnson Court held that to increase a defendant's sentence pursuant to the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), violates the Due Process Clause of the United States Constitution. See 135 S. Ct. at 2557–58.

The petition fails for two reasons. First, Mr. Franco-Hernandez waived the right to collaterally attack his sentence. (*See Plea Agreement* [Doc. 17] 3.) Second, Mr. Franco-Hernandez's sentencing enhancement was a result of USSG §2L1.2(b)(1)(A)[1]—not the residual clause of the Armed Career Criminal Act. (*See Def.'s Sentencing Summary Chart* [Doc. 18] 2; *Gov.'s Sentencing Summary Chart* [Doc. 19] 2.)

//
//
//
//
//
//

---

[1] This provision specifically references alien smuggling, Mr. Franco-Hernandez's prior felony conviction. See USSG § 2L1.2(b)(1)(A)(vii).

The petition is **DENIED**.  The clerk is directed to close the associated civil case.

**IT IS SO ORDERED**.

Dated:  August 31, 2016

_____
Hon. Thomas J. Whelan
United States District Judge